1              **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE SOUTHERN DISTRICT OF TEXAS**
2                   **CORPUS CHRISTI DIVISION**

3   THE UNITED STATES OF AMERICA    )      NO. 2:16-CR-195
                                    )
4                                   )
    VS.                             )      Houston, Texas
5                                   )      11:12 a.m.
                                    )
6   DONNA TOLAND AND THOMAS         )      April 18, 2016
    TOLAND                          )
7

8   ********************************************************

9                        **RE-ARRAIGNMENT**

10          **BEFORE THE HONORABLE JOHN D. RAINEY**

11             **UNITED STATES DISTRICT JUDGE**

12  ********************************************************

13  APPEARANCES:

14  FOR THE GOVERNMENT:

15      Mr. Hugo Martinez
        U.S. Attorney's Office
16      800 N. Shoreline Blvd., Suite 500
        Corpus Christi, Texas  78401
17      Tel:  361-888-3111

18  FOR THE DEFENDANT THOMAS TOLAND:

19      Ms. Sandra Ann Eastwood
        The Law Office of Sandra Eastwood
20      4657 Ocean Drive, Suite 443
        Corpus Christi, Texas  78412
21      Tel:  361-687-3657

22      Ms. Kristen D. Langford
        Federal Public Defender
23      606 N. Carancahua, Suite 401
        Corpus Christi, Texas  78401
24      Tel:  361-888-3532

25

1  FOR THE DEFENDANT DONNA TOLAND:

2       Mr. Harold Christopher Waller
        Attorney at Law
3       400 Mann Street, Suite 911
        Corpus Christi, Texas  78401
4       Tel:  351-882-3030

5  COURT REPORTER:

6       Ms. Kathleen K. Miller, CSR, RMR, CRR
        515 Rusk, Room 8004
7       Houston, Texas  77002
        Tel:  713-250-5087

8
   Proceedings recorded by mechanical stenography.
9
   Transcript produced by computer-assisted transcription.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                              P R O C E E D I N G S

(Defendants present.)

          THE COURT:  All right.  Mr. Waller, you have

got Donna Toland on C-16-195.  Kristen Langford has Thomas

11:12:50   Toland on the same case.

Let's take Donna first.  Mr. Waller, what is going to

happen on that case?

          MR. WALLER:  Re-arraignment, Judge, pleading

with a plea agreement to Count 1.

11:12:59   THE COURT:  Count 1, conspiracy to possess with

intent to distribute some meth?

          MR. WALLER:  Yes, Your Honor.

          THE COURT:  And there will be an agreement?

          CASE MANAGER:  And there is an announcement,

11:13:12   Your Honor.

          MR. MARTINEZ:  Your Honor, just for purposes of

the record, Hugo Martinez, the government has filed a

information of prior conviction and enhancement

of punishment --

11:13:19   THE REPORTER:  I'm sorry, I can't hear you.  I

can't follow you.

          MR. MARTINEZ:  I know.  The government has

filed an information of prior conviction, and notice of

enhancement of punishment pursuant to Title 21, United

11:13:36   States Code, Section 851.  I do believe that Mr. Miller

1  with the U.S. attorney's office has discussed this with

2  defense counsel.  It has been previously filed.  I just

3  wanted to put it on the record.  The sentencing data sheet

4  should reflect the enhancement.

11:13:50  5                  I am going to hand defense counsel,

6  Mr. Waller, a copy of the enhancement in open court.  Just

7  give everyone notice, Your Honor.

8                  THE COURT:  It appears that the sentencing data

9  sheet is correct, because it creates a minimum mandatory of

11:14:05  10  20 years --

11                  MR. WALLER:  Yes, Your Honor.

12                  THE COURT:  -- up to life instead of ten up to

13  life.

14                  MR. WALLER:  Yes, Your Honor.

11:14:09  15                  THE COURT:  Are you aware of all this?

16                  MR. WALLER:  Yes, Your Honor, and I have

17  discussed this with my client.

18                  THE COURT:  She still wants to plea?  You don't

19  need more time to talk about the enhancement?

11:14:16  20                  MR. WALLER:  No, Your Honor.

21                  THE COURT:  We will come back to you in just a

22  minute, Mr. Waller.

23                  MR. WALLER:  Yes, Your Honor.

24                  THE COURT:  All right.  Co-defendant, Kristen,

11:14:27  25  Thomas Toland on the conspiracy to distribute

1  methamphetamine, what does your client want to do?

2          MS. EASTWOOD:  Your Honor, I am actually first

3  chairing and Ms. Langford is second chairing.  My name is

4  Sandra Eastwood --

11:14:40   5          THE COURT:  Okay.

6          MR. EASTWOOD:  -- and I represent Mr. Toland,

7  and it's a re-arraignment today.  He is entering a plea of

8  guilty to Count 1 pursuant to a plea agreement.

9          THE COURT:  And appears that he is also the

11:14:55  10  subject of an information, a prior conviction which

11  enhances his punishment to a minimum mandatory term of 20

12  years.  You're aware of that and discussed it with him?

13          MS. EASTWOOD:  Yes, we have discussed it.

14          THE COURT:  All right.  So he still intends to

11:15:09  15  enter a plea --

16          MS. EASTWOOD:  Yes.

17          THE COURT:  -- with that information?

18          MS. EASTWOOD:  Well, to Count 1, but we wish to

19  remain silent at this time regarding the enhancement until

11:15:19  20  we research it further.

21          THE COURT:  Okay.  Very well.  All right.  I

22  just need to admonish him on it.

23          MS. EASTWOOD:  Yes, Your Honor.

24          THE COURT:  So that's the two Tolands will be

11:15:27  25  entering pleas.

1          I believe that's the remaining cases on

2  the 11:15 docket, right?  Okay.

3          Everyone ready?  All right.  Let's

4  proceed.  This will be again C-16-195, United States of

11:16:04  5  America vs. Donna Toland and Thomas Toland.

6          MR. MARTINEZ:  Hugo Martinez for the United

7  States.

8          MR. WALLER:  Chris Waller for Donna Toland.

9          MS. EASTWOOD:  And Sandra Eastwood for Thomas

11:16:20  10  Toland.

11          THE COURT:  I'm sorry?

12          MS. EASTWOOD:  Sandra Eastwood for Thomas

13  Toland.

14          THE COURT:  All right.  We will start off by

11:16:43  15  having each of you placed under oath.  I will advise you at

16  this time that since you will be under oath, if you testify

17  falsely, the testimony could be used against you in a

18  separate prosecution for perjury, or for making a false

19  statement.  Do each of you understand that?

11:16:57  20          DEFENDANT DONNA TOLAND:  Yes, sir.

21          DEFENDANT THOMAS TOLAND:  Yes, sir.

22          THE COURT:  Do the best you can to raise your

23  right hand.  Stacie is going to administer an oath to you.

24          CASE MANAGER:  You and each of you do solemnly

11:17:07  25  swear that the testimony you will give in this case now

1  before the Court will be the truth, the whole truth and

2  nothing but the truth so help you God.

3              DEFENDANT DONNA TOLAND:  Yes.

4              DEFENDANT THOMAS TOLAND:  So help me God.

11:17:16   5     CASE MANAGER:  Thank you.

6              THE COURT:  Has either one of you ever been

7  diagnosed by a physician with any type of mental illness?

8              DEFENDANT DONNA TOLAND:  No, sir.

9              DEFENDANT THOMAS TOLAND:  No, Your Honor.

11:17:24   10             THE COURT:  All right.  Either one of you been

11  a heavy user of any type of narcotic drugs?

12             DEFENDANT DONNA TOLAND:  Yes, sir.

13             DEFENDANT THOMAS TOLAND: (Nodding.)

14             THE COURT:  Both of you.  Ms. Toland, what kind

11:17:35   15 of drugs?

16             DEFENDANT DONNA TOLAND:  Sir, methamphetamine.

17             THE COURT:  How about you, Mr. Toland?

18             DEFENDANT THOMAS TOLAND:  The same.

19             THE COURT:  Same thing.  Either one of you ever

11:17:41   20 receive any kind of treatment or counseling to address your

21  usage?

22             DEFENDANT THOMAS TOLAND:  No, sir.  No, sir.

23             THE COURT:  Have you?

24             DEFENDANT DONNA TOLAND:  I have.  I have been

11:17:49   25 through a drug program before.

1          THE COURT:  Okay.  All right.  Didn't seem to

2 help?

3          DEFENDANT DONNA TOLAND:  Yeah, it did for a

4 period of time until I stopped doing what I was needing to

11:17:56   5 do in order to stay clean, sir.

6          THE COURT:  And you relapsed back into using?

7          DEFENDANT DONNA TOLAND:  Yes, I did.

8          THE COURT:  The reason we ask the question is

9 whether drug usage has in any way impaired your ability to

11:18:06  10 understand the proceedings because of its effect on your

11 brain.

12          Do you feel that your drug usage,

13 Ms. Toland, has in any way impaired your ability to

14 understand this proceeding?

11:18:17  15          DEFENDANT DONNA TOLAND:  No, sir.

16          THE COURT:  How about you, Mr. Toland?

17          DEFENDANT THOMAS TOLAND:  No, Your Honor.

18          THE COURT:  Do either one of you take any kind

19 of medication that would cause you to be confused right

11:18:23  20 now?

21          DEFENDANT DONNA TOLAND:  No, sir.

22          DEFENDANT THOMAS TOLAND:  No, sir.

23          THE COURT:  All right.  Ms. Toland, how old are

24 you?

11:18:27  25          DEFENDANT DONNA TOLAND:  I am 53.

1          THE COURT:  53?

2          DEFENDANT DONNA TOLAND:  Yes, sir.

3          THE COURT:  Did you graduate from high school?

4          DEFENDANT DONNA TOLAND:  I got my GED, sir.

11:18:34   5          THE COURT:  How far did you go before you

6  dropped out?

7          DEFENDANT DONNA TOLAND:  Tenth.

8          THE COURT:  Where was that?

9          DEFENDANT DONNA TOLAND:  Calallen High School.

11:18:39   10          THE COURT:  Got a GED after that?

11          DEFENDANT DONNA TOLAND:  Yes, sir.

12          THE COURT:  Did you get a copy of your

13  indictment?

14          DEFENDANT DONNA TOLAND:  Yes, I did.

11:18:44   15          THE COURT:  Okay.  Did you read it?

16          DEFENDANT DONNA TOLAND:  Yes, I did.

17          THE COURT:  All right.  And discussed it

18  with --

19          DEFENDANT DONNA TOLAND:  Actually, my attorney

11:18:51   20  read it to me.

21          THE COURT:  I just want to make sure you

22  discussed the indictment with your attorney.

23          DEFENDANT DONNA TOLAND:  Yes.

24          THE COURT:  And do you feel like you understand

11:18:58   25  the charges against you?

1          DEFENDANT DONNA TOLAND:  I fully do, yes, sir.

2          THE COURT:  Okay.  An information of prior

3 conviction was filed which -- and notice of enhancement.

4 Are you aware of that?

11:19:13  5          DEFENDANT DONNA TOLAND:  Yes, sir.

6          THE COURT:  And you discussed that with your

7 lawyer also?

8          DEFENDANT DONNA TOLAND:  Yes, sir.

9          THE COURT:  Okay.  Mr. Waller has been

11:19:19  10 representing you.  Are you satisfied with his

11 representation?

12          DEFENDANT DONNA TOLAND:  Yes, I am, sir.

13          THE COURT:  All right.  Mr. Toland, your age?

14          DEFENDANT THOMAS TOLAND:  51.

11:19:26  15          THE COURT:  And how far did you go in school?

16          DEFENDANT THOMAS TOLAND:  9th grade.

17          THE COURT:  Where was that?

18          DEFENDANT THOMAS TOLAND:  Flour Bluff.

19          THE COURT:  Okay.  Did you receive a copy of

11:19:33  20 your indictment?

21          DEFENDANT THOMAS TOLAND:  I did.

22          THE COURT:  Did you read it?

23          DEFENDANT THOMAS TOLAND:  I did.

24          THE COURT:  Did you discuss it with your

11:19:38  25 attorney?

1          DEFENDANT THOMAS TOLAND:  Yes, sir.

2          THE COURT:  Do you feel like you understand the

3 charges against you?

4          DEFENDANT THOMAS TOLAND:  I do.

11:19:42   5          THE COURT:  Ms. Eastwood said she's first

6 chair, so to speak, in your case.  You're also represented

7 by Ms. Langford.  Are you satisfied with your counsel?

8          DEFENDANT THOMAS TOLAND:  Yes, Your Honor.

9          THE COURT:  Okay.  And the same type of

11:19:57  10 information of prior conviction and notice of enhancement

11 was filed in your case.  Are you aware of that?

12          DEFENDANT THOMAS TOLAND:  Yes, sir.

13          THE COURT:  And you discussed it with your

14 lawyer?

11:20:05  15          DEFENDANT THOMAS TOLAND:  I did.

16          THE COURT:  All right.  Now, both of you have

17 plea agreements, and I need to go over those agreements

18 with you.  I need to first determine whether you

19 voluntarily entered into the agreement, in other words that

11:20:23  20 no one forced you to do that.  They both appear to be fully

21 executed.

22          Ms. Toland, did you sign your agreement

23 voluntarily?

24          DEFENDANT DONNA TOLAND:  Yes, I did, sir.

11:20:32  25          THE COURT:  Did you read the agreement before

1  you signed it, or did your lawyer read it to you?

2         DEFENDANT DONNA TOLAND:  The attorney read it

3  to me, and I signed it, sir.

4         THE COURT:  Okay.  And then you discussed it

11:20:41  5  with him?

6         DEFENDANT DONNA TOLAND:  Yes.  We went over a

7  few things that I had.

8         THE COURT:  All right.  He answered any

9  questions you may have had about it?

11:20:46  10         DEFENDANT DONNA TOLAND:  Yes, he did, sir.

11         THE COURT:  Do you feel like you understand the

12  agreement?

13         DEFENDANT DONNA:  Yes, I do, sir.

14         THE COURT:  Has anyone promised you anything to

11:20:51  15  get you to plead guilty other then what is in the

16  agreement?

17         DEFENDANT DONNA TOLAND:  No, sir.

18         THE COURT:  Mr. Toland, how did you handle this

19  matter?  Did you read it or did your lawyer read it to you?

11:21:00  20         DEFENDANT THOMAS TOLAND:  We went over it

21  together.

22         THE COURT:  Together?

23         DEFENDANT THOMAS TOLAND:  Yes, sir.

24         THE COURT:  Did she answer any questions you

11:21:04  25  may have had about it?

KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com

1                      DEFENDANT THOMAS TOLAND:  Yes, Your Honor.

2                      THE COURT:  Do you feel like you understand the

3 agreement?

4                      DEFENDANT THOMAS TOLAND:  I do.

11:21:07   5          THE COURT:  Has anyone promised you anything to

6 get you to plead guilty other than what is in the

7 agreement?

8                      DEFENDANT THOMAS TOLAND:  No, sir.

9                      THE COURT:  Each agreement contains a provision

11:21:18   10 in Paragraph 7 wherein you waive certain rights to appeal.

11 Ms. Toland, were you aware that this waiver was in your

12 agreement before you signed it?

13                     DEFENDANT DONNA TOLAND:  Yes.

14                     THE COURT:  Okay.

11:21:30   15          DEFENDANT DONNA TOLAND:  Yes.

16                     THE COURT:  How about you, Mr. Toland, were

17 you?

18                     DEFENDANT THOMAS TOLAND:  I am.

19                     THE COURT:  Were each of you aware that by

11:21:35   20 signing this agreement, with this provision in it, you

21 waived not only your right to directly appeal your

22 conviction and your sentence, but you also waive the right

23 to collaterally attack your conviction and sentence under

24 28 United States Code, Section 2255?  Were you aware of

11:21:53   25 that, Ms. Toland?

1                    DEFENDANT DONNA TOLAND:  Yes, I am.

2                    THE COURT:  How about you, Mr. Toland?

3                    DEFENDANT THOMAS TOLAND:  I am.

4                    THE COURT:  Ms. Toland, do you feel like you

11:22:00   5   understand the waiver and how it may affect your rights?

6                    DEFENDANT DONNA TOLAND:  Yes, sir.

7                    THE COURT:  Do you have any questions you want

8   to ask me about it?

9                    DEFENDANT DONNA TOLAND:  No, sir.

11:22:05  10                    THE COURT:  Mr. Toland, do you feel like you

11  understand the waiver and how it may affect your rights?

12                    DEFENDANT THOMAS TOLAND:  I do.

13                    THE COURT:  Any questions for me?

14                    DEFENDANT THOMAS TOLAND:  No, sir.

11:22:14  15                    THE COURT:  Okay.  All right.  Let's proceed to

16  the part of the proceeding where I advise you of the

17  penalty range for this offense, because of this information

18  that was filed, and I understand that counsel is going to

19  reserve the right to maybe challenge that possibility, but

11:22:31  20  since the information was filed, if it's applicable, you

21  are looking at a minimum mandatory term of 20 years in

22  prison, up to life.  You could be fined up to $10 million.

23  There is a mandatory term of at least five years of

24  supervised release.  A $100 special assessment will be

11:22:52  25  imposed, and there is a provision for community restitution

KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com

1  up to an amount of any fine imposed by the Court.

2                    Do each of you understand that that is the

3  penalty range for your offense?

4                    DEFENDANT DONNA TOLAND:  Yes, sir.

11:23:05  5        THE COURT:  Mr. Toland?

6                    DEFENDANT THOMAS TOLAND:  I do.

7                    THE COURT:  Okay.  When you're placed under

8  supervision; that is, after you are released from

9  incarceration, you have to follow a set of rules adopted by

11:23:13  10  this Court.  Should you violate any of those rules, after

11  notice and hearing, you could be ordered to serve some more

12  time in prison even though you have already completed the

13  initial sentence that I impose.

14                    Ms. Toland, do you understand the

11:23:26  15  consequences of violating supervised release?

16                    DEFENDANT DONNA TOLAND:  Yes, I do.

17                    THE COURT:  Do you, Mr. Toland?

18                    DEFENDANT THOMAS TOLAND:  Yes, sir.

19                    THE COURT:  The sentencing for each of you will

11:23:35  20  occur several weeks from now.  A probation officer will

21  prepare a presentence investigation report.  It will be

22  prepared in accordance with the sentencing guidelines.  It

23  will be delivered to your lawyer.  Your lawyer will bring

24  it to your attention.  Read it --

11:23:49  25        DEFENDANT DONNA TOLAND:  Yes, sir.

1              THE COURT:  -- if you can.  If for whatever

2    reason you don't want to or can't, be sure your lawyer

3    reads it to you carefully, and point out any mistakes you

4    believe are in the report.  Your lawyer will file any

11:23:59   5    necessary objections, and the probation officer cannot

6    resolve the objections.  They will be presented to me and I

7    will rule on them at your sentencing hearing.

8              Once I have made any necessary rulings, an

9    advisory guideline range will be established for your case,

11:24:15  10    of course, subject to any minimum mandatory that may apply.

11              DEFENDANT DONNA TOLAND:  Okay.

12              THE COURT:  Even though this range is advisory,

13    I must carefully consider it when I determine what I

14    believe to be a sufficient sentence for your case.  There

11:24:31  15    is no parole in the federal system.  You can earn good time

16    credit, but that is different than parole.

17              If the sentence I impose is worse than you

18    were expecting it to be, you are not going to be allowed to

19    change your mind and withdraw your plea of guilty for that

11:24:43  20    reason.

21              Ms. Toland, do you understand everything I

22    have said about sentencing?

23              DEFENDANT DONNA TOLAND:  Yes, sir.

24              THE COURT:  Any questions about it?

11:24:51  25              DEFENDANT DONNA TOLAND:  No, sir.

1          THE COURT:  Mr. Toland, how about you, you

2    understand all this?

3          DEFENDANT THOMAS TOLAND:  I understand.

4          THE COURT:  Any questions?

11:24:56    5          DEFENDANT THOMAS TOLAND:  No, sir.

6          THE COURT:  Both of you have a right, of

7    course, to plead not guilty, which entitles you to have a

8    trial by jury.  You have a right to be represented by a

9    lawyer at the trial.  If you can't afford the one you want,

11:25:06   10    one will be appointed.

11          During the trial your lawyer can

12    cross-examine all witnesses called by the government, and

13    then you can call witnesses, and have them subpoenaed if

14    they do not want to come to court.

11:25:17   15          You have an election to make during the

16    trial, that is whether you want to testify or not.  You

17    can testify if you want to, but you can choose not to.  If

18    you chose not to, the government cannot call you as a

19    witness.  And if you did not testify, it would be my duty

11:25:28   20    to instruct the jury to the fact that you did not testify

21    is not evidence which the jury may consider when it later

22    renders its verdict.

23          In a moment I am going to ask each of you

24    how you plead to these charges.  If at that time, you enter

11:25:40   25    a plea of guilty, you will have waived your right to a

1  trial by jury as well as these other rights I described.

2                 Ms. Toland, do you understand all of

3  that?

4                 DEFENDANT DONNA TOLAND:  Yes, sir.

11:25:49  5      THE COURT:  Do you, Mr. Toland?

6                 DEFENDANT THOMAS TOLAND:  I do.

7                 THE COURT:  The government in order to obtain a

8  guilty verdict or to support your plea today must establish

9  through evidence that you have committed this crime.  It

11:25:59  10  would do so by establishing that you have committed the

11  elements of the offense.  I want to go over these elements

12  with you to make sure your understand what the government's

13  burden is.

14                 To prove a conspiracy, the government must

11:26:12  15  prove that two or more persons, directly or indirectly,

16  reached an agreement to commit some federal crime.  In your

17  case the crime was to possess with intent to distribute a

18  controlled substance.  The government must establish that

19  each of you knew of the unlawful purpose of the agreement

11:26:28  20  and that you joined in the agreement willfully; that is,

21  with the intent to further its unlawful purpose.  And then

22  the government must establish that the overall scope of the

23  conspiracy involved more than 50 grams of methamphetamine,

24  which is a Schedule II controlled substance.

11:26:47  25                 Ms. Toland, do you understand the elements

1 of your offense?

2          DEFENDANT DONNA TOLAND:  Yes, sir.

3          THE COURT:  Do you, Mr. Toland?

4          DEFENDANT THOMAS TOLAND:  Yes, sir.

11:26:52  5          THE COURT:  Okay.  Ms. Gould, do you want to

6 tell us -- no, excuse me, wrong.  Mr. Martinez.  Pardon me.

7 Mr. Martinez, tell us what you can prove in this case.

8          MR. MARTINEZ:  Yes, Your Honor.  At trial the

9 United States would be able to prove that on February 11,

11:27:07  10 2016, Texas Department of Public Safety deputies or

11 troopers were conducting a long-term

12 theft-of-stolen-property investigation in the area in or

13 around Corpus Christi, and as a result of the investigation

14 they learned and became aware that Donna and Thomas Toland

11:27:31  15 may have been receiving stolen property in exchange for

16 methamphetamine.

17          DPS officers were advised that the Tolands

18 had -- may have also received a stolen law enforcement

19 pistol during the course of their business.  DPS troopers

11:27:50  20 decided to conduct a knock-and-talk investigation at the

21 residence of the Tolands, which is located in Robstown.

22 When DPS troopers made contact with the Tolands, Mr. Toland

23 signed a Department of Public Safety consent-to-search form

24 specifically looking for the pistol.  The agents conducted

11:28:11  25 a search of the residence, and opened up a bag that

1   revealed the contents, and when they looked at the

2   contents, approximately 15.6 grams of methamphetamine was

3   located.

4            Based on this discovery, the DPS officers

11:28:28   5   re-approached Mr. Toland and advised him that they had

6   located some methamphetamine.  And Donna and Thomas Toland

7   both made spontaneous statements at the time to the

8   officers, that the methamphetamine, in fact, belonged to

9   them.  They also admitted to being methamphetamine users.

11:28:46   10            Once the methamphetamine was located, the

11   troopers asked for consent to search the entire residence

12   for narcotics.  Both the Tolands agreed to a search of the

13   residence by signing a written consent form for the

14   narcotics.  The agents subsequently located an additional

11:29:02   15   54 grams of methamphetamine.  A field test was conducted

16   and the substance tested positive for the characteristics

17   of methamphetamine, and both Tolands made admissions to

18   knowing that there was methamphetamine in the residence and

19   to knowing of the existence and ownership.

11:29:17   20            The drug in this particular case, Your

21   Honor, was sent to the Department of Homeland Security drug

22   laboratory for -- the narcotics came back 58.8 grams of

23   actual methamphetamine, and the government would say that

24   this amount showed their intent to distribute.

11:29:34   25            Those are the facts of the case, Your

1 Honor.

2              THE COURT:  All right.  Ms. Toland, I'll

3 address you first.  Did you hear what Mr. Martinez said

4 about the facts related to your case?

11:29:45    5              DEFENDANT DONNA TOLAND:  Yes.

6              THE COURT:  Is it correct, what he said?

7              DEFENDANT DONNA TOLAND:  It is correct, sir.

8              THE COURT:  As far as your involvement in this

9 matter?

11:29:51   10              DEFENDANT DONNA TOLAND:  Yes, it is.

11              THE COURT:  I'll ask you directly, then, to the

12 charges in Count 1, how do you plead, guilty or not guilty?

13              DEFENDANT DONNA TOLAND:  I plead guilty.

14              THE COURT:  All right.  Mr. Toland, same

11:30:00   15 question, did you hear what Mr. Martinez said about your

16 involvement in this matter?

17              DEFENDANT THOMAS TOLAND:  I do.

18              THE COURT:  And is it correct?

19              DEFENDANT THOMAS TOLAND:  It's correct.

11:30:06   20              THE COURT:  To the charges in Count 1, how do

21 you plead, guilty or not guilty?

22              DEFENDANT THOMAS TOLAND:  I plead guilty.

23              THE COURT:  Thank you.  I find each of you is

24 competent to enter a plea.  Appears that each defendant is

11:30:19   25 aware of the nature of the charges against them and the

1  consequences of entering a plea to those charges.  I

2  therefore find that each plea is a knowing and a voluntary

3  plea supported by an independent basis in fact, containing

4  each of the essential elements of the offense.  I now

11:30:34   5  accept your plea, and each defendant is now adjudicated

6  guilty of the charges to which the defendant just pled.

7                 I am going to sign an order that will set

8  forth a schedule for your sentencing.  The initial draft of

9  your presentence report that I mentioned earlier will be

11:30:50  10  disclosed to counsel by June the 2nd.  Any objections or a

11  statement that there is no objection must be filed by June

12  16th.  The final draft of your report will be delivered to

13  me by June 30th, and I am setting each of you for

14  sentencing on July the 18th, 2016.

11:31:07  15                 Ms. Toland, I will sentence you at --

16                 CASE MANAGER:  4 p.m., Your Honor.

17                 THE COURT:  -- 4 p.m. and Mr. Toland at 4:15

18  p.m.

19                 All right.  I will remand each of you back

11:31:20  20  to the custody of the marshal to be held pending

21  sentencing.  Thank you.

22                 DEFENDANT DONNA TOLAND:  Thank you.

23                 MR. MARTINEZ:  Your Honor, may I be excused?

24                 THE COURT:  You may.  Thank you, Mr. Martinez.

25                 (Concluded at 11:31 a.m.)

1                    COURT REPORTER'S CERTIFICATE

2

3       I, Kathleen K. Miller, certify that the foregoing is a

4  correct transcript from the record of proceedings in the

5  above-entitled matter.

6

7                            /s/_____
   DATE: 12/22/2016          Kathleen K. Miller, RPR, RMR, CRR
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25